UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| URIEL JOSE ORTEGA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Crim. Case No. 4:14-cr-00255-BLW<br>Civ. Case No. 4:17-cv-00529-BLW<br><br>MEMORANDUM DECISION AND ORDER |

The Court has before it several motions. The Court will address each of the motions below.

1. **Petitioner's Motions to Appoint Counsel, Motions to Compel Discovery, and Motions for Hearing (Dkts. 4, 6, 8, 9, 18, & 19)**

A habeas petitioner is not entitled to discovery as a matter of ordinary course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rule 6(a) of Rules Governing Section 2255 Proceedings does allow a judge, for good cause, to "authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." Rule 6(a) of Rules Governing Section 2255 Proceedings. The Rule also that "[i]f necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Rule 6(a) of Rules Governing Section 2255 Proceedings. Further, Rule 8 provides that the court "must review the answer, any

MEMORANDUM DECISION AND ORDER - 1

transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted.

Here, Ortega's requests do not qualify for appointment of counsel, a hearing, or an order to compel the government. The Government has explained that it will review Ortega-000185, that pictures containing drugs or guns will be set apart and sent to the defendant, and that the government will file with the court an original copy of Ortega-000185 as well as a copy of what was provided to the defendant under seal. This will provide Ortega access to the material he requests and provide the Court with the ability to oversee the process. Accordingly, the Court will deny the motions.

   **2. Motion for Leave to Supplement (Dkt. 7)**

Ortega asks to supplement his 2255 motion. The defendant filed his request to amend the record within the one-year time limit set forth in § 2255(f). A habeas petition may be amended "as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242; see also Rule 12, Rules Governing Section 2255 Proceedings. The defendant has not previously amended his petition, and the Government has not responded. "Before a responsive pleading is served, pleadings may be amended once as a 'matter of course,' i.e., without seeking court leave." *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (quoting Fed. R. Civ. P. 15(a)(1)) (habeas case resolving conflict regarding the relation back of habeas petition amendments under Rule 15(c)(2)). Accordingly, the Court will grant the motion and deem the supplemental memorandum filed.

   **3. Motion for Order Granting Waiver (Dkt. 17)**

The Government asks for an order granting a waiver of the attorney-client privilege (Dkt. 17). Ortega does not oppose the motion, but asks that it be limited.

A party implicitly waives the attorney-client privilege when they file a lawsuit putting in issue communications otherwise privileged if upholding the privilege would deny the opposing party access to relevant facts. *United States v. Amlani*, 169 F.3d 1189, 1195 (9th Cir. 1999). "It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (en banc). Indeed, this implied waiver – sometimes known as the "fairness principle" – prevents use of the privilege as both a shield and a sword. *Id*. at 719 (citations omitted). If the party holding the privilege does not wish to disclose the requested privileged information, he has the option of abandoning the claim that gives rise to the implied waiver. *Id*. at 721.

Mindful of the dictates of fairness, a court should grant a waiver no broader than necessary to enable the opposing party to respond to the allegations of ineffective assistance of counsel. *Id*. at 720. Accordingly, the district court may impose limitations and conditions regarding the information to be disclosed. *Id*. at 721. Should the party receiving the privileged information not wish to be bound by the limitations, then that party, before disclosure, "is free to reject the materials and litigate without them." *Id*.

In his § 2255 Motion, Ortega alleges claims of ineffective assistance of counsel. The Court must resolve those claims utilizing the standard enunciated in *Strickland v.*

*Washington*, 466 U.S. 668 (1984). In other words, giving strong deference to the choices of counsel, it must decide whether counsel's performance was deficient, and, if so, whether Ortega was prejudiced by the deficient performance. *Id*. at 688.

Without knowing the extent of the communications surrounding the alleged ineffective assistance, the advice of counsel, and any discussions regarding counsel's actions or inactions, the government cannot respond meaningfully to the allegations. To respond to Ortega's allegations, therefore, fairness compels a decision to allow the Government to discuss the claims and motivations for the challenged actions with defense counsel. *See, e.g., Harrison v. United States*, 2011 WL 1743738 at *5 (D. Haw. May 6, 2011).

The Court finds that Ortega has implicitly waived the attorney-client privilege with respect to matters pertaining to his claims of ineffective assistance of counsel and will therefore grant the government's motion. Moreover, the Court will not limit the waiver beyond that requested by the Government. Ortega cites a District of California case for the proposition that the Court should limit the discovery and potentially review itself. *See United States v. Prado,* 2009 WL 4018147 (E.D. Cal. 2009). But that is not what *Prado* stands for. In *Prado*, the Government wanted all of the petitioner's case files "without limitation." *Prado,* 2009 WL 4018147, *1. The Court did not allow such broad discovery.

But that is not what the government seeks here. The Government asks the Court to order Ortega's prior attorneys make themselves available to answer "material questions"

from the United States and prepare affidavits. This is sufficiently limited to comply with *Bittaker*. But as explained above, if a party holding the privilege does not wish to disclose the requested privileged information, he has the option of abandoning the claim that gives rise to the implied waiver. *Bittaker,* 331 F.3d. at 721. To that end, the Court will give Ortega 30 days from the date of this order to abandon his claim if he does not want his attorneys to disclose the requested information. And Government may not obtain the privileged information until Ortega files a notice with the Court indicating whether he intends to abandon the claim.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Motions to Appoint Counsel, Motions to Compel Discovery, and Motions for Hearing (Dkts. 4, 6, 8, 9, 18, & 19) are **DENEID**.
2. Petitioner's Motion for Leave to Supplement (Dkt. 7) is **GRANTED**.
3. The Government's Motion for Order Granting a Waiver of the Attorney-Client Privilege (Dkt. 17). is **GRANTED** as explained above.
    a. Within 30 days of the date of this Order, Ortega shall file with the Court a notice. The notice shall indicating either that he intends to abandon his claim and not allow the disclosure of privileged material requested by the Government, or he does not intend to abandon his claim, and his attorneys may disclose the information requested by the Government.

b. If Ortega does not abandon his claim, Ortega's prior attorneys shall provide relevant information and, if necessary, affidavits to the Government within 30 days of the date of Ortega's notice.

  c. If Ortega abandons his claim, Ortega's prior attorneys shall not disclose any privileged information to the Government.

4. The Government's Motion for Extension of Time to File Response (Dkt. 24) is **GRANTED**. The Government's response shall be filed within 90 days of the date Ortega files his notice regarding abandonment of his claim.

5. The Government shall respond to Petitioner's Motion for Leave to Amend (Dkt. 15) within 30 days of the date of this Order.

DATED: August 31, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge