UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| URIEL JOSE ORTEGA,<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil Case No. 4:17-cv-529-BLW<br>Criminal Case No: 4:14-cr-255-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Before the Court is Movant Uriel Jose Ortega's Motion for Leave to Amend his pending § 2255 motion. *See* Civ. Dkt. 15.[1] For the reasons explained below, the Court will grant the motion. The Court will also retroactively grant two pending motions for extensions. *See* Civ. Dkts. 36, 42.

## BACKGROUND

In June 2015, Ortega pleaded guilty to conspiracy to distribute methamphetamine. The Court denied Ortega's motion to withdraw his guilty plea

---

[1] "Civ. Dkt." refers to the docket in the civil case, while "Crim. Dkt." refers to docket entries in the criminal case. Both case numbers are identified in the caption.

MEMORANDUM DECISION AND ORDER - 1

and sentenced him to 264 months' imprisonment. Ortega appealed his conviction and sentence. In April 2017, the Ninth Circuit dismissed the appeal in light of the appeal waiver in the plea agreement. *See Apr. 24, 2017 Order*, Crim. Dkt. 90. In dismissing the appeal, the court noted that "[t]he record does not support Ortega's contentions that his plea was involuntary or that the government breached the plea agreement." *Id. See also Dec. 15, 2017 Mandate,* Crim. Dkt. 93

Shortly after the Ninth Circuit issued its mandate, Ortega filed a motion under 28 U.S.C. § 2255. *See* Civ. Dkt. 1. He amended that motion in March 2018, *see* Civ. Dkt. 7, and he now asks to amend the motion a second time. *See* Civ. Dkt. 15. At the time he filed the pending motion to amend, the government had not yet responded to the underlying § 2255 motion, and the one-year deadline for filing a § 2255 motion had not expired. *See* 28 U.S.C. § 2255(f).

## DICUSSION

Rule 15 of the Federal Rules of Civil Procedure permits courts to grant a party leave to amend its pleading at any time, and encourages them to do so "freely" if "justice so requires." Fed. R. Civ. P. 15(a)(2); *see also* 28 U.S.C. § 2242; Rule 12, Rules Governing § 2255 Proceedings. In determining whether to grant leave to amend under Rule 15**,** courts consider such factors as "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." *Bonin v. Calderon*, 59

F.3d 815, 845 (9th Cir.1995).

Here, Ortega wishes to add another claim that his counsel was ineffective. He now says his counsel was ineffective by failing to (1) review lab reports regarding the purity of the methamphetamine and (2) provide copies of those lab reports to Ortega. Ortega says this is "problematic" because several courts, including this Court, have recently expressed concerns as to whether purity levels in methamphetamine are an accurate indicator of culpability and defendant's role in the offense. *Motion to Amend,* Civ. Dkt. 15, at 3 (page 58(a) per Ortega's pagination). Ortega argues that, at a minimum, he should be resentenced and that during any resentencing, he should be allowed to argue that the purity of the methamphetamine is not indicative of his role in the offense. *Id.* at 5 (page 58(e) per Ortega's pagination).

The Court will allow Ortega to amend his motion. Most significantly, the government has not demonstrated prejudice. As Ortega points out, the Court has allowed the government numerous extensions of time in which to respond to Ortega's motion, and at the time he filed his current motion to amend, the government had not yet responded. *See generally Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("it is the consideration of prejudice to the opposing party that carries the greatest weight"). Substantively, in the interest of judicial economy and efficiency, the Court will evaluate the merits

of Ortega's new claim in the context of evaluating the other claims in Ortega's underlying 2255 motion. The briefing on that motion ripened on April 12, 2019 and will be addressed in due course. The parties need not file any additional briefing unless invited to do so by the Court.

## ORDER

**IT IS ORDERED that:**

(1) Movant Uriel Jose Ortega's Motion to Amend (Dkt. 15) is **GRANTED.**

(2) The government's Motion for an Extension (Dkt. 36) is **RETROACTIVELY GRANTED.**

(3) Ortega's Motion for an Extension (Dkt. 42) is **RETROACTIVELY GRANTED.**

DATED: June 17, 2019

B. Lynn Winmill
U.S. District Court Judge