UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| URIEL JOSE ORTEGA,<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 4:17-cv-00529-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Pending before the Court is the Government's unopposed Second Motion for Order Granting a Waiver of the Attorney-Client Privilege (Dkt. 56). For the reasons explained below, the Court will grant the motion.

# BACKGROUND

In December 2015, this Court sentenced Movant Uriel Jose Ortega to 264 months in prison after he pleaded guilty to conspiracy to distribute a controlled substance. Ortega later filed his motion under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct his Sentence (Dkt. 1). The § 2255 motion raises several claims of ineffective assistance of counsel during the underlying criminal case, and the Court granted Ortega an evidentiary hearing regarding three claims. *See Order,* Dkt. 52, at 1. The government now asks the Court to declare a limited waiver of the

attorney-client privilege so that it may meaningfully respond to these claims. More specifically, the government asks the Court to direct attorneys Nathan Rivera and David Parmenter "to produce any notes, documents, billings, letter, or criminal history or guidelines calculations material to the three claims of ineffective assistance that are set for evidentiary hearing." *Motion,* Dkt. 56, at 4.

## DISCUSSION

A party implicitly waives the attorney-client privilege when they file a lawsuit putting in issue communications otherwise privileged if upholding the privilege would deny the opposing party access to relevant facts. *United States v. Amlani*, 169 F.3d 1189, 1195 (9th Cir. 1999). "It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (en banc). Indeed, this implied waiver – sometimes known as the "fairness principle" – prevents use of the privilege as both a shield and a sword. *Id*. at 719 (citations omitted). If the party holding the privilege does not wish to disclose the requested privileged information, he has the option of abandoning the claim that gives rise to the implied waiver. *Id*. at 721.

Being mindful of the dictates of fairness, a court should grant a waiver no broader than necessary to enable the opposing party to respond to the allegations

of ineffective assistance of counsel. *Id*. at 720. Accordingly, the district court may impose limitations and conditions regarding the information to be disclosed. *Id*. at 721. Should the party receiving the privileged information not wish to be bound by the limitations, then that party, before disclosure, "is free to reject the materials and litigate without them." *Id*.

In his § 2255 Motion, Ortega has alleged claims of ineffective assistance of counsel. The Court must resolve those claims utilizing the standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). In other words, giving strong deference to the choices of counsel, it must decide whether counsel's performance was deficient, and, if so, whether Ortega was prejudiced by the deficient performance. *Id*. at 688.

Without knowing the extent of the communications surrounding the alleged ineffective assistance, the advice of counsel, and any discussions regarding counsel's actions or inactions, the government cannot respond meaningfully to Ortega's allegations. To respond to Ortega's allegations, therefore, fairness compels a decision to allow the government to discuss the claims and motivations for the challenged actions with defense counsel. *See, e.g., Harrison v. United States*, 2011 WL 1743738 at *5 (D. Haw. May 6, 2011).

The Court finds that Ortega has implicitly waived the attorney-client privilege with respect to matters pertaining to his claims of ineffective assistance

of counsel and will therefore grant the government's motion.

## ORDER

**IT IS ORDERED THAT:**

(1) The government's Second Motion for Order Granting a Waiver of the Attorney-Client Privilege (Dkt. 56) is GRANTED.

(2) The attorney client-privilege is waived to the full extent necessary for the Government to respond to Ortega's allegations of ineffective assistance of counsel and for defense counsel, David Parmenter and Nathan Rivera to provide information related to the claims of ineffective assistance that are set for evidentiary hearing, to include notes, documents, billings, letters, and information related to criminal history calculations and sentencing guidelines calculations.

(3) Mr. Rivera and Mr. Parmenter are directed to make themselves available at a reasonable time and place to answer material questions regarding Ortega's § 2255 motion. Any privileged information or documentation provided by these attorneys pursuant to this Order shall be utilized solely for purposes of this § 2255 proceeding.

DATED: April 14, 2021

B. Lynn Winmill
United States District Judge